UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ᵐᵃˢˢ DEC 30  P 4: 42

IVYMEDIA CORPORATION,

          Plaintiff,

v.

ETRAVELCITY, INC.
d/b/a TOMSTRAVELCITY.COM and
ALLEN LEE,

          Defendants.

**0 5  CA  1 2 6 1 7  PI** 

**CIVIL ACTION NO.** _____

RECEIPT #_____
AMOUNT $____350.00____
SUMMONS ISSUED____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE____12/30/05____

MAGISTRATE JUDGE_____

**COMPLAINT**

1.       Plaintiff brings this Complaint seeking preliminary and permanent injunctive relief, and damages, arising from Defendants' copyright infringement, unfair competition, false advertising, and unfair and deceptive trade practices. Plaintiff is a Massachusetts corporation that owns and operates a website in connection with internet-based ticketing services for bus tours, vacation packages, and shuttle buses between cities. Defendants are willfully assaulting Plaintiff's commercial and intellectual property rights by, *inter alia*, currently operating a competing website that is largely comprised of copyrighted materials copied from Plaintiff' website; siphoning away internet traffic from Plaintiff's website; falsely representing that Defendants are the authorized dealers of Plaintiff's products and services offered on Plaintiff's website; and falsely listing inaccurate information in regard to the price of those products and services. These acts have damaged, and will continue to damage, Plaintiff irreparably. Accordingly, Plaintiff seeks immediate injunctive relief and damages under federal and state law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b). Jurisdiction over the state claims is appropriate under 28 U.S.C. §1338(b) and principles of pendant jurisdiction.

3. This Court has personal jurisdiction over the Defendants inasmuch as they have purposefully availed themselves of the privilege of conducting activities in Massachusetts, through their infringing website that reaches Massachusetts, and through the sale of certain bus tour travel packages that begin and/or end travel in Massachusetts. Furthermore, Defendants have intentionally targeted and inflicted injury upon a business located in Massachusetts. Venue in this district is proper pursuant to 28 U.S.C. §§1391.

## THE PARTIES

4. Plaintiff IvyMedia Corporation, ("IvyMedia") is a Massachusetts corporation having its principle place of business at 2285 Massachusetts Ave., Suite 204, Cambridge, MA 02474. Xiangping "Jimmy" Chen ("Mr. Chen") is IvyMedia's founder, President, and sole shareholder.

5. Defendant eTravelcity, Inc. ("eTravelcity") is a California corporation having its principal place of business at 17870 Castelton St #121, City Of Industry, CA 91748. eTravelcity does business as Tomstravelcity.com which lists its contact information at its website (www.tomstravelcity.com) as 1042 N. Mountain Ave #B746, Upland, CA 91786. This address is a UPS post office box, and Tomstravelcity.com is not registered as a business entity with the California Secretary of State's Office, nor does it have a business license in the town of Upland.

6. Upon information and belief, Defendant Allen Lee ("Mr. Lee") is an

2

individual residing in California. Upon information and belief, Mr. Lee is the owner and operator of eTravelcity, Inc. Mr. Lee is eTravelcity's registered agent for service of process.

## FACTS

7.   IvyMedia is engaged in the business of providing internet-based ticketing services for bus tours, vacation packages, and shuttle buses between cities.

8.   IvyMedia has been incorporated since approximately June 29, 2000.

9.   IvyMedia's primary point of business is its website located at www.ivymedia.com, which Mr. Chen has been using continuously since July 29, 1998.

10.   IvyMedia acts as an agent for bus and tour companies by attracting potential customers over the internet and enabling them to make reservations and purchase tickets through its web-site.

11.   IvyMedia maintains a fee arrangement with the various bus companies and tour operators whereby any travel packages obtained at www.ivymedia.com results in a portion of that sale being paid to IvyMedia.

12.   IvyMedia generates all of its reservation and ticketing business from internet traffic. IvyMedia's sole marketing tool is its web-site, and its business success hinges upon its ability to reach its customers through its website.

13.   Www.ivymedia.com contains various descriptions of the tours it offers. Amongst these are original descriptions of the tours authored by Mr. Chen, as well as descriptions that have been translated into English, by him, from Chinese.

14.   IvyMedia has a federal certificate of copyright registration from the United States Copyright Office for its website.

3

15.     In or about late 2004, Mr. Chen came into contact with Mr. Lee through a
mutual business friend. Mr. Chen and Mr. Lee discussed the possibility of conducting
business together, including during a face-to-face meeting in California in February 2005.

16.     During these conversations, Mr. Chen discussed in general terms
IvyMedia's business methods, including the use the website www.ivymedia.com.

17.     Ultimately, Mr. Chen decided against pursuing any business ventures with
Mr. Lee.

*Defendants' Infringing Activities*

18.     On March 13, 2005, eTravelcity registered the domain name
"www.tomstravelcity.com."

19.     On March 21, 2005, Mr. Lee incorporated eTravelcity in the state of
California.

20.     Like www.ivymedia.com, www.tomstravelcity.com ostensibly offers
internet-based ticketing services for bus tours, vacation packages, and shuttle buses
between cities.

21.     The descriptions of the various bus tours and vacation packages and
certain other elements contained in the www.ivymedia.com website are copied verbatim
at the www.tomstravelcity.com website.

22.     On information and belief, unlike IvyMedia, Tomstravelcity.com does not
have contracts with tour operators.

23.     Defendants falsely represent on www.tomstravelcity.com that they are
authorized dealers of Plaintiff's products and services offered on Plaintiff's website, and
falsely list inaccurate information in regard to the price of those products and services.

4

24. Indicative of the flagrance of Defendants' wrongful acts is that amongst the copied elements found at www.tomstravelcity.com are photographic images accompanying the tour information taken from the www.ivymedia.com website that bear the label "www.ivymedia.com."

25. IvyMedia discovered Defendants' infringing activities in late November 2005 during the course of monitoring various competing websites when www.tomstravelcity.com showed a rapid increase in its amount of viewer traffic.

26. At no time have Defendants had any rights in or to the copyrighted material. Plaintiff, the owner of the copyrighted material, has never given Defendants permission, license or other authorization to use or reproduce the copyrighted material for any purpose in any location.

27. Defendants represent at www.tomstravelcity.com that Tomstravelcity.com is the copyright owner of the content of the website. Listed at the bottom of each webpage within www.tomstravelcity.com, including the webpages that contain Plaintiff's copyrighted materials, is a statement that reads "Copyright © 2005 by www.TomsTravelCity.com. All rights reserved."

28. Defendants' wrongful conduct, including their use of Plaintiff's copyrighted material, has irreparably injured and, if permitted to continue, will continue to irreparably injure Plaintiff.

## COUNT I
## (Copyright Infringement -- 17 U.S.C. § 501)

29. Plaintiff repeats and realleges the allegations set forth in ¶¶ 1-28 of this Complaint.

30. Plaintiff owns a registered copyright in the original and derivative

5

materials contained at the www.ivymedia.com website.

31.     Defendants have copied without authorization from Plaintiff certain copyrighted materials from the www.ivymedia.com website.

32.     Defendants' infringement was willful.

33.     As a direct and proximate cause of the actions, conduct, and practices of Defendant alleged above, Plaintiff has been irreparably damaged and will continue to be damaged.

**COUNT II**
**(Unfair Competition in Violation of 15 U.S.C. § 1125(a))**

34.     Plaintiff repeats and realleges the allegations set forth in ¶¶ 1-33 of this Complaint as if fully set forth herein.

35.     The acts of Defendants described above -- including without limitation their false representations to the public that they are the authorized dealers of Plaintiff's products and services offered on Plaintiff's website, their false listing of the price of Plaintiff's products and services, and their false representations that they are the copyright owners of the content of www.tomstravelcity.com -- constitute false and/or misleading representations in connection with commercial advertising and promotion in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36.     Defendants' false and/or misleading descriptions and representations of fact in commerce were intended to cause, and have caused and/or are likely to cause, confusion or mistake regarding the origin, sponsorship or approval of Plaintiff's products and services.

37.     Defendants have made false and/or misleading representations of fact in commercial advertising or promotion that misrepresent the nature, characteristics, origin

6

or qualities of Plaintiff's products and services.

38. Defendants' conduct constitutes unfair competition with Plaintiff, and has enabled and will continue to enable Defendants to make sales and earn profits to which they are not in equity or good conscience entitled.

39. As a direct and proximate result of Defendants' above-described conduct, Defendants have caused Plaintiff irreparable harm and injury and will continue to do so unless Defendants are restrained and enjoined by this Court from further violations of Plaintiff's rights. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

40. Plaintiff also has suffered, and will continue to suffer, substantial economic loss in an amount to be determined at trial.

## COUNT III
## (Common Law Unfair Competition)

41. Plaintiff repeats and realleges the allegations set forth in ¶¶ 1-40 of this Complaint as if fully set forth herein.

42. As explained above, Defendants have made false and/or misleading statements with the intention of misleading and deceiving the public in order to make sales and earn profits to which they are not in equity or good conscience entitled, which has been to Defendants' benefit and to Plaintiff's detriment.

43. Defendants' conduct constitutes unfair competition with Plaintiff. As a direct and proximate result of Defendants' above-described conduct, Defendants have caused Plaintiff irreparable harm and injury and will continue to do so unless Defendants are restrained and enjoined by this Court from further violations of Plaintiff's rights.

44. Plaintiff also has suffered, and will continue to suffer, substantial

7

economic loss in an amount to be determined at trial.

## COUNT IV
## (False Advertising in Violation of Mass. Gen. Laws ch. 266, § 91)

45.     Plaintiff repeats and realleges the allegations set forth in ¶¶ 1-44 of this
Complaint as if fully set forth herein.

46.     The actions of Defendants described above constitute untrue, deceptive, or
misleading advertising in violation of Mass. Gen. L. ch. 266, § 91.

47.     Defendants knew, or on reasonable investigations should have ascertained,
that their representations were untrue, deceptive or misleading.

48.     As a direct and proximate result of Defendants' above-described conduct,
Defendants have caused Plaintiff irreparable harm and injury and will continue to do so
unless Defendants are restrained and enjoined by this Court from further violations of
Plaintiff's rights.

## COUNT V
## (Unjust Enrichment)

49.     Plaintiff repeats and realleges the allegations set forth in ¶¶ 1-48 of this
Complaint as if fully set forth herein.

50.     Without compensating Plaintiff, Defendants knowingly received benefits
from its unauthorized reproduction of Plaintiff's copyrighted material, as well as their
false representations to the public that they are the authorized dealer of the products and
services offered on Plaintiff's website, their false and inaccurate listing of the price of
those products and services, and their false representations that they are the copyright
owners of the content of www.tomstravelcity.com.

51.     As a consequence, Plaintiff has suffered and will continue to suffer

8

substantial and foreseeable damages.

52.    Plaintiff is entitled to receive any profits that Defendants have made through their wrongful conduct.

## COUNT VI
### (Unfair And Deceptive Trade Practice -- M.G.L. c. 93A)

53.    Plaintiff repeats and realleges the allegations set forth in ¶¶ 1-52 of this Complaint.

54.    Defendant eTravelcity is a business engaged in trade or commerce.

55.    The above-referenced acts and omissions by Defendants were unfair and deceptive in violation of M.G.L. c. 93A § 9 ("Chapter 93A").

56.    Defendants' unfair and deceptive conduct was perpetrated knowingly and willfully.

57.    Defendants' unfair and deceptive conduct occurred primarily and substantially in the Commonwealth of Massachusetts to Plaintiff's detriment.

## PRAYER FOR RELIEF

58.    Wherefore, Plaintiff prays that this Court enter judgment in its favor against Defendants on each and every claim set forth above and award Plaintiff relief including but not limited to the following.

   a.    Preliminary and permanent injunctions against Defendants and all persons acting in concert with them (collectively "Defendants") (i) enjoining Defendants from using Plaintiff's copyrighted material and representing or holding themselves out as being the owners or authorized users of the content of www.tomstravelcity.com; (ii) enjoining Defendants from holding themselves out as, or representing that they are, the authorized

9

dealers in the products and services offered on Plaintiff's website; (iii) requiring Defendants to immediately and permanently shut down the www.tomstravelcity.com website and to cease and desist any use of it; and (iv) enjoining Defendants from operating or using any website, or other means, that infringes on Plaintiff's copyrights or any of its other commercial rights.

b.  An order directing Defendants to file with this Court and serve on Plaintiff through counsel within thirty days after the date of the entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which he has complied with the injunction;

c.  An order granting judgment in Plaintiff's favor on all Counts asserted in this Complaint.

d.  An order awarding Plaintiff monetary relief for treble damages, attorneys fees and costs as a result of Defendants' (i) copyright infringement, (ii) unfair competition, (iii) unjust enrichment and (iv) unfair and deceptive trade practices.

e.  An order awarding Plaintiff such further relief as this Court may deem just and proper.

**TRIAL BY JURY IS DEMANDED ON ALL ISSUES TRIABLE BY JURY**

Dated:  December 30, 2005
Boston, MA

Respectfully Submitted,
IVYMEDIA CORPORATION
By its attorneys,

Kevin J. O'Connor (BBO #555250)
Mayeti Gametchu (BBO #647787)
James W. Bell (BBO #658123)
PARAGON LAW GROUP, LLP
184 High Street, 4th Floor
Boston, MA 02110
(Tel.) 617-399-7950
(Fax)  617-399-7955

0060-002-102363.doc

11